**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

**NORMA I. REYES**,
    Plaintiff,

    v.

**COMMISSIONER OF SOCIAL
SECURITY**,
    Defendant.

Civil No. 19-1640 (BJM)

## <u>ORDER</u>

Plaintiff Norma I. Reyes ("Reyes") successfully challenged the Commissioner of the Social Security Administration's ("Commissioner's") denial of her petition for Social Security disability insurance benefits. Docket Nos. ("Dkts.") 17, 19. Her counsel, Pedro G. Cruz-Sanchez ("Cruz"), then requested and received $2,175.65 in attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Dkts. 21, 23. Cruz further requested $11,000.00 in attorney fees under § 206(b) of the Social Security Act, 42 U.S.C. § 406(b) ("406(b)"). Dkt. 25. The government responded with an informative motion. Dkt. 30.

To obtain fees, Cruz's petition must be timely, *Pais v. Kijakazi*, 52 F.4th 486, 490–91 (1st Cir. 2022) (discussing timeliness framework prior to that decision), and the requested fees must be reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The Commissioner issued Reyes a Notice of Award ("NOA") on November 17, 2020. Dkt. 25-2. Cruz claims he did not receive this NOA until September 18, 2021. Dkt. 25 at 2; *see also* Dkt. 25-2 at 1 (fax cover page dated September 18, 2021). Cruz then moved for fees on September 20, 2021. Dkt. 25. In his motion, Cruz stated he did not previously receive the NOA because he did not have a signed fee petition for work done at the administrative level on file with the Commissioner. Dkt. 25 at 2. Cruz also notes he did not receive a close-out letter from the Commissioner. *See Lebron-Vazquez v. Comm'r of Soc. Sec.*, 2022 WL 225287, at *3 (D.P.R. Jan. 26, 2022) (explaining "close-out letters are not

always mailed, but rather 'only if an attorney has not filed a petition with the court within 120 days and the agency is planning on returning to the claimant the funds they had previously withheld to pay an attorney fee.'").

When the Commissioner issued the initial NOA on November 17, 2020, it was this court's position "that Local Rule 54(b) applie[d] to 406(b) motions, but that the fourteen-day deadline for bringing such motions [wa]s tolled until counsel's receipt of a[n] . . . NOA, from the Commissioner." *Perez-Maldonado v. Comm'r of Soc. Sec.*, 2022 WL 292279, at *2 (D.P.R. Feb. 1, 2022) (motion premature because no NOA issued) (citing *Lebron-Vazquez*, 2022 WL 225287) (NOA issued August 27, 2020). Cruz notes in his September 2021 motion that the court was considering amending Local Civil Rule 9 to mirror this fourteen-day deadline. Dkt. 25 at 2. The court's amendment to Local Rule 9(d)(2) ultimately gave "[a] party seeking attorneys' fees pursuant to 42 U.S.C. § 406(b) . . . thirty (30) days after counsel's receipt of the original, amended, or corrected Notice of Award, or the Social Security Correspondence sent at the conclusion of the Agency's past-due benefit calculation, stating the amount withheld." *In Re: Adoption of Local Rules*, 03-MC-115 (D.P.R. Mar. 04, 2022) (ECF 71-1). Nevertheless, that amendment did not take effect until February 28, 2022, five months after Cruz moved for fees. Accordingly, I look to Local Rule 54.

Either way, Cruz argues he moved for fees within just two days of receiving the NOA. As mentioned, he says he did not receive the NOA until September 18, 2021 because he did not have a signed fee petition for work done at the administrative level on file with the Commissioner. Dkt. 25 at 2. He moved for fees on September 20, 2021. Dkt. 25. The Commissioner acknowledges Cruz's argument and does not appear to contest it. Dkt. 30 at 2–3. And this court has found his fee petitions timely where he asserted without explanation that he received November 2020 NOAs in

the Summer of 2022. *See Concepción v. Kijakazi*, 18-CV-1459 (SCC) (D.P.R. Jul. 12, 2023) (ECF 36 at 2); *Ramos-Ramírez v. Kijakazi*, 19-CV-1306 (SCC) (D.P.R. Jul. 12, 2023) (ECF 37 at 2). Accordingly, I find Cruz's fee petition was timely.

I also note Cruz's argument he received no close-out letter. However, the Commissioner points out this court has previously clarified that the proper time to file a motion for fees is calculated based on delivery of the NOA, not the closeout letter. Dkt. 30 at 3–4 (citing *Dieppa-Velazquez v. Saul*, 2021 WL 2144226, at *2 (D.P.R. May 25, 2021) ("The Court finds counsel's reliance on the 'closeout letter' to be misplaced and self-serving. The 'closeout letter' is simply a notice sent to counsel when he/she has not petitioned the agency for the fees under § 406(b). It serves as a reminder that those moneys are waiting to be distributed and urging counsel to submit the fee petition if so desired or otherwise inform the agency. [] The 'closeout letter' has nothing to do with the award amount or its finality."); *González v. Comm'r of Soc. Sec.* 2021 WL 2173426, at *2 (D.P.R. May 26, 2021) (holding same); *Nuñez Ramos v. Comm'r of Soc. Sec.*, 2021 WL 2144218, at *2 (D.P.R. May 25, 2021) (holding same). Accordingly, Cruz's argument his petition is timely because he received no close-out letter is unavailing. Nevertheless, for the reasons stated above, I find his petition was timely.

I turn to the reasonableness of fees requested. Attorneys for successful Social Security claimants are entitled to "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). In determining a reasonable fee, courts look first to the contingent fee arrangement and then test for reasonableness "based on the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. Factors relevant to reasonableness include: (1) whether the attorney's representation was substandard; (2) whether the attorney was responsible for any delay

in the resolution of the case; and (3) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *Id*. Courts may require a claimant's attorney to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal billing rate for non-contingency fee cases. *Id*. "If the benefits are large in comparison to the amount of time counsel spent on a case, a downward adjustment is similarly in order." *Id*. (citations omitted).

The terms of Cruz and Reyes's contingent fee agreement were reasonable. And there is no reason to believe Cruz's conduct was substandard or improper. The fee agreement between Reyes and Cruz permits Cruz to receive up to 25 percent of Reyes's past-due benefits. Dkt. 25-1. Accordingly, Cruz requests $11,000.00. Dkt. 25 at 1. However, he reported working almost 10.6 hours on Reyes's appeal. *Id.* Assuming he worked 10.6 hours, he seeks to bill approximately $1,037.74 per hour. This award is not in line with other recent Social Security attorney fees awarded by this court. *See, e.g., Pagan-Torres v. Comm'r of Soc. Sec.*, 18-CV-1921 (RAM), Dkt. 42 (report and recommendation denying attorney's claim of $11,000.00 for 8.3 hours of billable work as excessive and reducing it to $5,111.00, or approximately $615.78 per hour), *adopted at* Dkt. 46; *Santiago Díaz v. Comm'r of Soc. Sec.*, 19-CV-1139 (MEL), 2022 WL 420443, at *2 (D.P.R. Feb. 11, 2022) (denying Cruz's claim of $25,000.00 for 10.3 hours of billable work as excessive and reducing it to $6,180.00, or $600.00 an hour). Consistent with *Santiago Díaz*, I shall reduce Cruz's award to reflect a rate of $600.00 an hour, or $6,360.00 in total.

Finally, as Cruz acknowledges, he must refund fees he received from Reyes under the EAJA. *See* Dkt. 25 at 6–7; *Gisbrecht*, 535 U.S. at 796; 28 U.S.C. § 2412. Accordingly, Cruz must refund $2,175.65 to Reyes.

For the foregoing reasons, Cruz's petition for attorney fees under 406(b) is **GRANTED IN PART** and payment of $6,360.00 in attorney fees to Cruz is authorized. Cruz is ordered to refund Reyes $2,175.65 in fees previously awarded and paid to Cruz under the EAJA. Payment should be made within seven days of receipt of the 406(b) fees.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 1st day of December 2023.

S/ *Bruce J. McGiverin*
BRUCE J. MCGIVERIN
United States Magistrate Judge